## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL HANSON, JR.,              )
                                  )
    Petitioner,               )
                                  )
v.                                )    **Case No. CIV-24-102-SLP**
                                  )
KELLI DAVIS,                      )
                                  )
    Respondent.               )

## BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION OVER CASE NO. CF-2022-465 AND COUNTS 1-27 AND 30-32 OF CASE NO. CF-2022-1542 AND FOR FAILURE TO EXHAUST STATE COURT REMEDIES

Comes now Respondent, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, and in support of his Pre-Answer Motion to Dismiss Petition for Writ of Habeas Corpus for Lack of Jurisdiction Over Case No. CF-2022-465 and Counts 1-27 and 30-32 of Case No. CF-2022-1542 and for Failure to Exhaust State Court Remedies, files the following Brief in Support.[1] For the reasons set forth herein, Respondent asserts that this Court should dismiss the instant petition.

## PROCEDURAL HISTORY

Michael Hanson, Jr., hereinafter referred to as Petitioner, seeks to challenge his Judgments and Sentences from Oklahoma County District Court Case Nos. CF-2022-465

---

[1] This Court's Order calling for a response expressly states that "Respondent shall file an answer, motion or other response within thirty days from this order's date, consistent with Rule 5 of the Rules Governing Section 2254 Cases." Doc. 11. In the event this Court denies this motion to dismiss, Respondent respectfully requests permission to file a response on the merits.

and CF-2022-1542. Doc. 10 at 1.[2] In Case No. CF-2022-465, Petitioner was convicted on March 15, 2023, upon his plea of guilty to Obtaining Money by Trick or Deception, and was sentenced to two years imprisonment to be served concurrently with his sentences in Case No. CF-2022-1542; the state district court also imposed restitution in the amount of $1,800 (Exhibit 1, Plea of Guilty Summary of Facts for Case No. CF-2022-465; Exhibit 2, Judgment and Sentence for Case No. CF-2022-465).[3] In Case No. CF-2022-1542, Petitioner was convicted on March 15, 2023, upon his plea of guilty to thirty-two counts of Embezzlement (Counts 1-32) and one count of Racketeering (Count 33) (Exhibit 3, Plea of Guilty Summary of Facts for Case No. CF-2022-1542; Exhibit 4, Judgment and Sentence for Case No. CF-2022-1542). Petitioner was sentenced to one year imprisonment on each of Counts 1-11, two years imprisonment on each of Counts 12-27, eight years imprisonment on each of Counts 28-29, six months imprisonment on each of Counts 30-32, and twelve years imprisonment on Count 33 (Exhibit 4). Counts 1-32 were ordered to run concurrently with each other and with Case No. CF-22-465, but Count 33 was ordered

---

[2] Respondent's citations to the page numbers of Petitioner's petition refer to the electronically-stamped page numbers.

[3] Petitioner lists Case No. CF-2022-465 as a conviction he is challenging in this petition. Doc. 10 at 1. However, in identifying the crimes of which he was convicted, Petitioner lists only his crimes from Case No. CF-2022-1542; he does not list his conviction for Obtaining Money by Trick or Deception in Case No. CF-2022-465. Doc. 10 at 1. Nor does he make any further reference to Case No. CF-2022-465. Doc. 10 at 1-27. Therefore, it does not appear that Petitioner is challenging his conviction in Case No. CF-2022-465. To the extent he is, however, Respondent shows herein that he is no longer in custody on this conviction, and was not in custody at the time he filed his habeas petition.

to run consecutively to the other counts (Exhibit 4). In both cases, the state district court granted Petitioner credit for time served (Exhibit 2; Exhibit 4). Petitioner has not moved to withdraw his pleas in either case, nor has he otherwise appealed his convictions in state court (Exhibit 5, Docket Sheet from Case No. CF-2022-465; Exhibit 6, Docket Sheet from Case No. CF-2022-1542).

On December 5, 2023, Petitioner filed his petition for habeas relief in the United States District Court for the Eastern District of Oklahoma;[4] the petition was transferred to this Court on January 29, 2024. Doc. 1; Doc. 3. On March 4, 2024, Petitioner filed an amended petition in this Court, raising the following claims:

Ground One:   "Ineffective Counsel"

Ground Two:   "Aberrant Behavior"

Ground Three:   "Def. Present Health and Family Circumstances"

Ground Four:   "This case turned political"

Doc. 10 at 5, 7, 8, 10 (grammar, syntax, spelling, and capitalization in original). Petitioner is no longer in custody on Case No. CF-2022-465, or Counts 1-27, or 30-32 of Case No. CF-2022-1542. Further, none of Petitioner's habeas claims have been presented to the

---

[4] The petition was file-stamped December 8, 2023, but Petitioner placed it in the prison mail system on December 5, 2023. Doc. 1 at 8. With application of the prison mailbox rule, the petition is deemed filed on December 5, 2023. *See Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005) (providing that a *pro se* petitioner's filing "will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents" (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988))).

Oklahoma Court of Criminal Appeals ("OCCA"). Petitioner's petition should be dismissed.

## ARGUMENT AND AUTHORITY

**A. This Court lacks subject matter jurisdiction over Petitioner's claims insofar as they challenge his conviction in Case No. CF-2022-465 and Counts 1-27 and 30-32 of Case No. CF-2022-1542 because Petitioner is no longer in custody on those counts, and was not in custody on those counts when he filed his petition.**

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). "A petitioner must satisfy the custody requirement at the time the habeas petition is filed." *Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1073 (10th Cir. 2014) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "'The custody requirement is jurisdictional.'" *Id.* (quoting *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009)).

Petitioner's Consolidated Record Card from the Oklahoma Department of Corrections shows he discharged his sentence in Case No. CF-2022-465, and his sentences on Counts 1-11 of Case No. CF-2022-1542 on June 30, 2023 (Exhibit 7, Consolidated Record Card). It further shows he discharged his sentences on Counts 12-27 of Case No. CF-2022-1542 on November 18, 2023 (Exhibit 7). Though the Consolidated Record Card does not list Counts 30-32 of Case No. CF-2022-1542, that is likely because the six-month sentences on those counts were completely served before he was even received into the

custody of the Department of Corrections (Exhibit 4; Exhibit 7).[5] In any event, Petitioner was sentenced on March 15, 2023, and has "therefore long ago discharged" these six-month sentences (Exhibit 4). *Mantzke v. Province*, No. CIV-08-1056-C, 2009 WL 2409070, *3 (W.D. Okla. Aug. 3, 2009) (unpublished) (noting the petitioner had been in custody of the Department of Corrections since March of 2006 "and therefore long ago discharged his ten day sentence for failing to use a turn signal").

Petitioner filed his petition on December 5, 2023, *see* Doc. 1 at 8, but on that date, the only sentences he was serving are his eight-year sentences on Counts 28 and 29, and his consecutive twelve-year sentence on Count 33 (Exhibit 4; Exhibit 7). *See Calhoun*, 745 F.3d at 1073 ("A petitioner must satisfy the custody requirement at the time the habeas petition is filed."). In *Mantzke*, 2009 WL 2409070, *1, the petitioner challenged his convictions for drug trafficking, for which he was sentenced to life without parole, and two misdemeanor convictions for possession of drug paraphernalia and failure to use a turn signal, for which he was sentenced to one year and ten days, respectively. In his fourth ground, Petitioner challenged the jury instructions relating to the charge of failure to use a turn signal. *Id.*, 2009 WL 2409070, *3. This Court found it lacked jurisdiction over the petitioner's claim in his fourth ground. *Id.*, 2009 WL 2409070, *4. Because the petitioner's "sentence for the failure to use his turn signal ha[d] fully expired, he [was] no longer in custody for this conviction," and this Court concluded he could "not attack it in a § 2254 petition." *Id.*

---

[5] Petitioner was granted credit for time served in both of his cases (Exhibit 2; Exhibit 4).

As in *Mantzke*, Petitioner in this case fully discharged the sentences on his convictions in Case No. CF-2022-465, and Counts 1-27 and 30-32 of Case No. CF-2022-1542 on June 30, 2023 and November 18, 2023, at the latest. Any claims raised in this petition regarding those counts must be dismissed with prejudice for lack of jurisdiction. *See Lackawanna*, 532 U.S. at 401; *Calhoun*, 745 F.3d at 1073; *Mantzke*, 2009 WL 2409070, *4. *See also Mays v. Dinwiddie*, No. 07-CV-0599-CVE-FHM, 2008 WL 3012966, *2 (N.D. Okla. Aug. 1, 2008) (unpublished) (dismissing the petitioner's habeas petition with prejudice where the petitioner was not in custody on the challenged conviction at the time he filed his petition). As Petitioner remains in custody only on Counts 28, 29, and 33 of Case No. CF-2022-1542, those are the only convictions he may challenge in this habeas petition. *Lackawanna*, 532 U.S. at 401. However, because Petitioner has not exhausted his state court remedies as to any of the claims he raises in this petition, his petition must nevertheless be dismissed.

**B. Petitioner's entire petition must be dismissed because he has not exhausted his state court remedies with respect to any of the claims raised in his federal habeas petition.**

It is well settled that for a petitioner to be entitled to habeas corpus relief under 28 U.S.C. § 2254, he must completely exhaust all of his state remedies before coming to the federal courts. *Rose v. Lundy*, 455 U.S. 509, 515 (1982). Under the habeas corpus statutes a writ may not be granted unless the claim is exhausted, and Respondent must expressly waive exhaustion. 28 U.S.C. § 2254(b)(1) & (3). Respondent does not waive exhaustion. The petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526

U.S. 838, 842 (1999). The United States Supreme Court re-emphasized the importance of

exhaustion in *Harrington v. Richter*, 562 U.S. 86 (2011):

> Section 2254(d) is part of the basic structure of federal habeas
> jurisdiction, designed to confirm that state courts are the
> principal forum for asserting constitutional challenges to state
> convictions. Under the exhaustion requirement, a habeas
> petitioner challenging a state conviction must first attempt to
> present his claim in state court.  28 U.S.C. § 2254(b).

*Id.*, 562 U.S. at 103.

The exhaustion rule "ensures that state courts have the opportunity to fully consider

federal-law challenges to a state custodial judgment before the lower federal courts

entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79

(2001). "This requirement 'is principally designed to protect the state courts' role in the

enforcement of federal law and prevent disruption of state judicial proceedings.'" *Id.*, 533

U.S. at 179 (quoting *Rose*, 455 U.S. at 518). The exhaustion rule is also a matter of comity

as "'it would be unseemly in our dual system of government for a federal district court to

upset a state court conviction without an opportunity [for] the state courts to correct a

constitutional violation.'" *Id.* (quoting *Rose*, 455 U.S. at 518). "Generally, a federal court

should dismiss unexhausted claims without prejudice so that the petitioner can pursue

available state-court remedies." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006).

"Traditionally, when a petition contains entirely unexhausted state claims, the petition

would be dismissed without prejudice." *United States v. Hickman*, No. 06-6068, 191 F.

App'x 756, 757 (10th Cir. Aug. 11, 2006) (unpublished).

The "'petitioner bears the burden of demonstrating that he has exhausted his available state remedies.'" *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994)). *See also Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (same). The United States Court of Appeals for the Tenth Circuit has explained the exhaustion requirement as follows:

> In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress. The rationale for this requirement is that state courts will enforce the federal constitution as fully and fairly as a federal court.

*Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

In this case, Petitioner admits he did not raise any of his claims in a direct appeal of his convictions. Doc. 10 at 6, 7, 9, 10. He did, however, file a Motion for Reduction in Sentence/Provisional Release in Case No. CF-2022-1542 on September 27, 2023, wherein he raised these claims (Exhibit 8, Motion for Reduction in Sentence/Provisional Release). The state district court construed Petitioner's motion as coming under Okla. Stat. tit. 22, § 982a, and denied relief on October 31, 2023 (Exhibit 9, Order Denying Motion for Judicial Review Reduction in Sentence/Provisional Release). This order was not appealable. *See Doby v. Dowling*, No. 15-6108, 632 F. App'x 485, 488 (10th Cir. Dec. 4,

2015) (unpublished) (finding that Okla. Stat. tit. 22 § 982a "does not provide for appellate review").

Though "[t]he exhaustion requirement is satisfied . . . 'once [a] federal claim has been fairly presented to the state courts,'" *Parkhurst v. Shillinger*, 128 F.3d 1366, 1368 (10th Cir. 1997) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989)), the claims in this petition are not exhausted by virtue of Petitioner's having raised them in the state district court in a motion for judicial review under Okla. Stat. tit. 22, § 982a. *See also Dever*, 36 F.3d at 1534 ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the *highest* state court, either by direct review of the conviction or in a post-conviction attack." (emphasis added)). The Supreme Court holds that where a claim "has been presented for the first and only time in a procedural context in which its merits will not be considered unless 'there are special and important reasons therefor,' [r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.'" *Castille*, 489 U.S. at 351. The Tenth Circuit has repeatedly recognized that "relief under § 982 is discretionary and a denial of relief is not appealable." *Bohon v. Oklahoma*, No. No. 07-5169, 323 F. App'x 82, 84 n.1 (10th Cir. Apr. 3, 2008) (unpublished); *Nicholson v. Higgins*, No. 05-7032, 147 F. App'x 7, 8 n.2 (10th Cir. Aug. 2, 2005) (unpublished) (recognizing that motions under Okla. Stat. tit. 22, § 982a "seek discretionary review, [and] their denial is not appealable"). *See also Phillips v. Addison*, No. 11-5100, 448 F. App'x 817, 819 n.1 (10th Cir. Oct. 26, 2011) (unpublished) (reiterating that relief under Okla. Stat. tit. 22, § 982a is "a discretionary, non-appealable form of relief" (citing *Bohon* and *Nicholson*)). Petitioner's first and only time to present his claims has been in a motion to

the state district court that seeks discretionary review which is not appealable. His presentation of these claims in a discretionary non-appealable context does not constitute exhaustion. *Castille*, 489 U.S. at 351. *See also Hamburg v. Meyer*, No. 92-8076, 992 F.2d 1222 (Table), 1993 WL 118863, *2 (10th Cir. Apr. 15, 1993) (unpublished) (holding that raising new issues in a petition for rehearing, which seeks discretionary review, "does not, for purposes of exhaustion, constitute fair presentation" (citing *Castille*, 489 U.S. at 350-51)); *O'Neal v. Newton-Embry*, No. CIV-09-501-C, 2010 WL 1078385, *3 (W.D. Okla. Feb. 10, 2020) (unpublished) (finding the petitioner's equal protection/due process claim to be unexhausted where she only raised it in a discretionary petition for rehearing in the state court). Further, Petitioner cannot show he does not have an "available state avenue of redress." *Miranda*, 967 F.2d at 398.

The Tenth Circuit "will not excuse a failure to exhaust state remedies in a 28 U.S.C. § 2254 action unless it is affirmatively shown that resort to them would be useless." *Id.* (citing *Lewis v. New Mexico*, 423 F.2d 1048, 1049 (10th Cir. 1970)). As his purported reason for not raising these claims on direct appeal, Petitioner alleges: "I was told I could not appeal". Doc. 10 at 7, 8, 10, 11. However, a review of the Plea of Guilty Summary of Facts paperwork in both of Petitioner's cases demonstrates he was fully advised of his right to appeal his convictions, as follows:

> To appeal from this conviction, or order deferring sentence, on your plea of guilty, you must file in the District Court Clerk's office a written Application to Withdraw Plea of Guilty within ten (10) days form today's date. You must set forth in detail why you are requesting to withdraw your plea. The Trial Court must hold a hearing and rule upon your application within thirty (30) days from the date it is filed. If the Trial Court denies

your application, you have the right to ask the Court of
Criminal Appeals to review the District Court's denial by filing
a Petition for Writ of Certiorari within ninety (90) days from
the date of the denial. Within ten (10) days from the date the
Application to Withdraw Plea of Guilty is denied, Notice of
Intent to Appeal and Designation of Record must be filed
pursuant to Oklahoma Court of Criminal Appeals Rule 4.2(D).
If you are indigent, you have the right to be represented on
appeal by a court appointed attorney.

(Exhibit 3 at 11; *see also* Exhibit 1 at 11).[6] Petitioner confirmed in both cases that he

understood his rights to appeal (Exhibit 3 at 11; Exhibit 1 at 11). In any event, because

Petitioner has never appealed his convictions to the OCCA, he has available to him the

remedy of seeking an appeal of his convictions through an appeal out-of-time. In *Williams*

*v. Nunn*, No. CIV-22-7-SLP, 2022 WL 420771 (W.D. Okla. Jan. 12, 2022) (unpublished),

this Court explained the avenue of redress available to a petitioner whose time for

withdrawing his guilty pleas has passed:

Oklahoma has a procedure for directly appealing "any
conviction on a plea of guilty," which is not foreclosed to
Petitioner. *See* Okla. Stat. tit. 22, § 1051(a) (providing "[a]n
appeal to the Court of Criminal Appeals may be taken by the
defendant, as a matter of right from any judgment against him,"
and "all appeals taken from any conviction on a plea of guilty
shall be taken by petition for writ of certiorari to the Court of
Criminal Appeals"). While the time has passed for Petitioner
to timely move to withdraw his plea,[3] he may still move in the
Stephens County District Court for an appeal out-of-time. *See,
e.g., Dixon v. State*, 228 P.3d 531, 532 (Okla. Ct. Crim. App.
2010) (holding that "prior to filing any petition with [the
appellate court] seeking leave to commence an out-of-time
appeal, a defendant must first file a verified post-conviction
application in the trial court for such an appeal" and, to "be

_____

[6] Respondent cites primarily to Exhibit 3, Petitioner's plea paperwork in Case No. CF-
2022-1542, for this point, since it is questionable whether Petitioner is even challenging
his single conviction in Case No. CF-2022-465 at all. *See supra*, note 3.

entitled to the trial court's recommendation that he be granted an out-of-time appeal," the defendant "must establish before the trial court that he always desired to exercise that right of appeal but that he was denied the opportunity to do so through no fault of his own" (citing Rule 2.1(E), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App.)).

> [3] *See* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (requiring a defendant to file "an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea and requesting an evidentiary hearing in the trial court").

*Id.* at *2.

Petitioner in this case "has not pursued a post-conviction appeal for an appeal out-of-time," and he "therefore has not exhausted his available state court remedies." *Williams*, 2022 WL 420771, *2. *See also* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). The "state courts will enforce the federal constitution as fully and fairly as a federal court." *Miranda*, 967 F.2d at 398. This Court should not excuse Petitioner's failure to exhaust his available state court remedies. *Id.* The petition, presenting entirely unexhausted claims, should be dismissed without prejudice. *Bland*, 459 F.3d at 1012; *Hickman*, 191 F. App'x at 757.

It is necessary in the interest of comity that this Court require Petitioner to fully exhaust his state court remedies as to his claims before entertaining the merits of Petitioner's habeas petition. *See Duncan*, 533 U.S. at 178-79. As set forth above, Petitioner

has never presented any of his habeas claims to the OCCA, the State's highest court on criminal matters, and they are unexhausted. *See Dever*, 36 F.3d at 1534.

For the foregoing reasons, the instant habeas petition is wholly unexhausted, and under 28 U.S.C. § 2254(b)(1), a writ cannot be granted on this unexhausted petition. *Rose*, 455 U.S. at 510. Because Petitioner has an avenue of redress available to him in state court through an appeal out-of-time, he should be required to return to state court to properly and fully exhaust his claims before the OCCA. *Williams*, 2022 WL 420771, *2. Respondent affirmatively does not waive the requirement of total exhaustion of state remedies with respect to each of Petitioner's claims, and, for the reasons stated herein, the instant habeas petition is unexhausted and must be dismissed.

## C. Conclusion

Respondent has shown above that Petitioner has fully discharged his sentence in Case No. CF-2022-465, and his sentences on Counts 1-27 and 30-32 in Case No. CF-2022-1542 (Exhibit 7), and he was not in custody on those sentences when he filed his habeas petition on December 5, 2023. Doc. 1 at 8. As such, any claim related to these convictions should be dismissed with prejudice for lack of jurisdiction. *See Lackawanna*, 532 U.S. at 401; *Calhoun*, 745 F.3d at 1073; *Mantzke*, 2009 WL 2409070, *4. *See also Mays*, 2008 WL 3012966, *2. Respondent has further shown that Petitioner's petition must be dismissed without prejudice because all of the claims raised therein are entirely unexhausted. *Rose*, 455 U.S. at 515; *Bland*, 459 F.3d at 1012; *Hickman*, 191 F. App'x at 757. For all of the above reasons, Respondent respectfully requests that this Court dismiss Petitioner's habeas petition.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ KEELEY L. MILLER**
**KEELEY L. MILLER, OBA #18389**
**SENIOR ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, OK 73105
(405) 521-3921
(405) 522-4534 (FAX)
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF SERVICE

**X**      I hereby certify that on April 17, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

**X**      I hereby certify that on April 17, 2024, I served the attached document by mail on the following, who is not a registered participant of the ECF System:

Michael S. Hanson, Jr. #1000153
Jess Dunn Correctional Center
P.O. Box 316
Taft, OK 74463-0316

s/ KEELEY L. MILLER