

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY
SEP 27 2023
RICK WARREN
COURT CLERK
09_____

STATE OF OKLAHOMA

CASE NO: CF-2022-1542

V

MICHAEL S. HANSON, JR

## MOTION FOR REDUCTION IN SENTENCE/ PROVISIONAL RELEASE

Comes now, Michael Hanson, Jr., pro se litigant, housed at Jess Dunn Correctional Center in Taft, would like to ask this Honorable Court to consider this pro se motion for his early Release.

On March 15, 2023, Mr. Hanson, the defendant, was sentenced to 20 years after agreeing to a plea deal in court that he did not comprehend and that he was not aware of the repercussions of this lengthy deal. Mr. Hanson brings the following points to the court's attention and would like to humbly ask the court for a Reduction in Sentence, Modification of Sentence and or Provisional Release.

### POINT 1: INEFFECTIVE COUNSEL

The defendant, on more than one occasion, told his counsel that he did not want to take the plea offer. Mr. Hanson feels he was coerced by his counsel into taking the plea deal because the defendant had explicitly told his counsel he did not want to take the deal. We believe counsel for the defendant was effectively deprived of establishing an important mitigating circumstance when he was not afforded the opportunity to present testimony to the jury during the sentencing portions of the proceedings. Counsel told Mr. Hanson that he "had never worked with the AG and needed to get in good with him." The AG encouraged counsel to get Mr.

**EXHIBIT 8**

Hanson to take the plea and he would get a "special" case. Counsel would NOT present evidence of Mr. Hanson's gambling addiction, which got him into this legal trouble. Counsel also refused to take the case to trail, stating that "when I took this case you had less charges." Counsel also to stated too Mr. Hanson that if he "ever heard from your wife again, I will take myself off your case." Counsel would not submit evidence of Mr. Hanson's gambling addiction to the court. Counsel for Mr. Hanson refused to go to trial, he told Mr. Hanson and his family that this was a "good deal for me and you" and if he did not take the deal that he "would recuse himself from the case." Mr. Hanson's family even offered counsel more money to take to it trial, but he refused. Mr. Hanson's family also presented to counsel that if he could get a less sentence, the family would be willing to pay the restitution. Counsel never presented this to the AG or when any further with it. Counsel also kept stalling with discovery and the judge admonished the Assistant AG in court and told them to hand it over. Mr. Hanson, to this day, has still not had any discovery presented to him. The family will be filing a complaint for ineffective counsel with the State Bar against counsel in this case.

See...https://www.law.cornell.edu/wex/ineffective_assistance_of_counsel#:~:text=To%20prove%20ineffective%20assistance%20of,proceeding%20would%20have%20been%20 Under the Sixth Amendment of the United States Constitution, it guarantees the right to effective assistance of counsel to defendants in criminal proceedings.

**To prove ineffective assistance of counsel, a defendant must show:**

- **That their trial lawyer's conduct fell below an "objective standard of reasonableness" and,**
- **"a reasonable probability that, but for counsel's unprofessional errors," the outcome of the criminal proceeding would have been different.**

See... https://www.tdcaa.com/journal/preventing-claims-of-ineffective-assistance-of-counsel/ **The assistance of counsel "is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty. ... The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not 'still**

be done.'" A frequent ineffective assistance complaint is that the defense attorney did not obtain pretrial discovery. This is an easy issue for the prosecutor to help avoid simply by providing discovery as part of the case's preparation, regardless of whether a motion has been filed.

## POINT 2: ABERRANT BEHAVIOR

This mitigating factor is applicable because the defendant had committed these charges, all relative conduct, due to a gambling addiction that was beyond his control and not allowed to be spoken about in court. This act can be shown to have been wildly out of character with Mr. Hanson's otherwise law-abiding life. Mr. Hanson's family wanted to send him to a lockdown, in-patient rehab facility that was known to work with courts for his gambling addiction, depression, and suicidal thoughts. Instead of assisting in the matter (because this is an addiction) the AG refused and instead went to the courts to get a bond increase. Mr. Hanson and his family have performed years of volunteer work in the animal rescue community in Oklahoma.

See https://guidelines.ussc.gov/apex/r/ussc_apex/guidelinesapp/search-detail?P41_GL_ID=%C2%A75K2.20 REQUIREMENTS.—The court may depart downward under this policy statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.

See https://www.lsd.law/define/aberrant-behavior Aberrant behavior refers to a single act of unplanned or thoughtless criminal behavior. It is not a pattern of behavior, but rather a one-time occurrence. Some courts may give a more lenient sentence for aberrant behavior, as it is not considered a typical or habitual action. Many courts have recognized that aberrant behavior can be used as a reason for a more lenient sentence.

See https://www.ojp.gov/pdffiles1/nij/203197.pdf Report on Gambling Addiction

See https://www.judges.org/news-and-info/how-to-sentence-someone-with-a-gambling-addiction/ Why create a gambling treatment court?

- Because it can save lives. Suicide rates for problem gamblers approach 50 percent.
- Because it can save money. Instead of being incarcerated, problem gamblers can work during their probation.
- Because they can also pay restitution to victims of theft, which is a common crime among problem gamblers.

It's like a drug-treatment court... In a gambling treatment diversion court, there is an application, a contract and full transparency. Substance abuse often co-occurs with gambling addictions, so drug testing is also considered essential.

See http://www.clarkcountycourts.us/res/specialty-courts/GTDC_Flyer.pdf Gambling Treatment Diversion Court is a court supervised comprehensive outpatient treatment program for defendants in the criminal justice system with gambling problems and other addictive behaviors. Treatment includes individual and group counseling focused on problem gambling, substance abuse and mental health counseling, wellness education, peer support and drug and alcohol testing as indicated. Additional services include residential treatment, intensive outpatient treatment, anger management and impulse control groups, gender specific and trauma treatment, grief & loss treatment, treatment targeting criminal behavior, and family therapy



## POINT 3: DEFENDANTS PRESENT HEALTH AND FAMILY CIRCUMSTANCES

The defendants' physical health has been deteriorating since being incarcerated. The defendant is not a risk to the community. Mr. Hanson was hit by a drunk driver 15 years ago and had two crushed ankles. He has trouble moving them and is required to wear special braces so he can walk. Today he struggles to walk in his daily living because the prison will not allow him to have his braces. Due to this accident, Mr. Hanson has Trauma Induced Emphysema and has "dead spots in his lungs." He has Asthma and lots of breathing problems. Mr. Hanson suffers from ADHD, depression, and suicidal ideations. While in the county jail, Mr. Hanson almost lost his life. He had been asking for medical help for 5 months before the staff had to pick Mr. Hanson up off his cell floor and rush him to the hospital. His gallbladder had ruptured, and he was septic. Mr. Hanson has lost 65 pounds since his incarceration. Mr. Hanson fears this 20-year sentence is going to be a death sentence for him. Mr. Hanson is very family oriented and has stayed close to his family. Mr. Hanson's wife, Jessica, has several Autoimmune diseases and cannot live alone, since Mr. Hanson has been incarcerated, she has been forced to move to Florida to stay with family. Mr. Hanson needs to be there to help in the care of his wife.

## POINT 4: MR. HANSON IS NOT A DANGER TO THE PUBLIC

Mr. Hanson is not a violent offender and is not a risk to the public. Validated risk assessment instruments are currently used for offenders under supervision or in prison that determine if an offender is likely to re-offend. Based on the Correctional Integrated Needs Assessment System, Mr. Hanson's risk of Recidivism is minimum. This assessment takes into consideration such as prior offenses, substance abuse and age. Risk assessment coupled with effective community supervision and services can help ensure public safety and support successful reentry into the community for released offenders. He has tried to complete classes and programs while incarcerated but has been denied at every turn. He was told that he "is not eligible" or that he "was too late for the class." He has managed to get on the waiting list for some classes. There is no mental

health counseling for his depression and suicidal ideations nor is there any help for his gambling addiction. In fact, where Mr. Hanson is housed, they hold "gambling tournaments," hence no rehabilitation for his addiction. Mr. Hanson is working on achieving Level 4 good behavior status despite the temptations that are surrounding him.

See.. https://www.criminon.org/where-we-work/united-states/oklahoma/#:~:text=Recidivism%20Rates%20in%20Oklahoma&text=According%20to%20federal%20data%2C%20Oklahoma,prisoners%20who%20go%20through%20it **Oklahoma criminal reform programs vary in scope and the type of services offered to help reform and rehabilitate offenders. From community rodeos for inmates to educational programs within prisons in Oklahoma, the state offers a variety of services but could benefit from focusing more intently on the following:**

- **substance abuse programs for offenders who misuse drugs and alcohol or who suffer from addiction**
- **vocational training and job skills programs to help offenders learn valuable trades for post-incarceration**
- **in-prison programs that teach life skills and successful coping strategies to help offenders live crime-free lives**

**Alternatives to Incarceration in Oklahoma**
**While every state provides some degree of incarceration alternatives, Oklahoma's current offering of alternatives to incarceration should be expanded. If non-incarceration rehabilitation programs are expanded, such programs (especially educational programs for prisoners in Oklahoma) will provide better services for Oklahoma offenders and help them overcome the criminal inclinations that brought them to prison in the first place.**

**Looking to the future, Oklahoma should attempt to expand incarceration alternatives, reduce reliance on private prisons, and reduce recidivism by offering evidence-based criminal reform programs.**

## POINT 5: THE CASE TURNED POLITICAL

As previously stated, Mr. Hanson had Ineffective Counsel, and these are some of the things that needed to be mentioned during the course of the case that were not brought up.

- The AG in this case, John O'Conner, went on television saying that he "was using Mr. Hanson and would make an example out of him."
- One of the victim's made a big show on Facebook that he had made campaign contributions to the AG and said that it would "ensure the case went the way he wanted it to go."
- Mrs. Hanson was trying to get her husband into a lockdown facility for his gambling addiction, and instead of helping the AG went to court to get the bond raised because he found out that Mrs. Hanson was selling everything they owned so she could get her husband out!

See... https://kfor.com/news/local/oklahoma-attorney-general-files-embezzlement-charges-against-contractor/ **"When consumers hire and pay an individual or business to do work, they are entitled to have that work done well," O'Connor said. "My Consumer Protection Unit works diligently to hold contractors like Michael Hanson accountable for their fraudulent conduct. I will not tolerate those who try to swindle Oklahomans out of their hard-earned money."**

Case 5:24-cv-00102-SLP   Document 14-8   Filed 04/17/24   Page 8 of 12











**POINT 6: HOME PLAN**

Mr. Hanson has an excellent family support system. The plan is for Mr. Hanson to go to the treatment program in Ft. Lauderdale, FL and then return north with Mrs. Hanson and her family upon his release. Mr. Hanson will have a stable, secure residence to be released to. Mrs. Hanson makes enough money to support both herself and her husband through her career for the short time they remain with her family. Mr. Hanson will have multiple job opportunities to choose from through Mrs. Hanson and her family's community relationships.

## POINT 7: THERE WAS NO EVIDENCE OF THE CHARGE OF RACKETEERING AS DEFINED BY LAW

There is absolutely no evidence of the charge of Racketeering that Mr. Hanson was charged with. Mr. Hanson brought this up to his counsel and was told that "it was a trumped-up charge" and that the AG and the court knew that is was! But, yet and still, nothing was done to get this charge dismissed. Racketeering is a unique white-collar crime in the sense that it is based on an offense that is already illegal, such as:

- Robbery
- Bribery
- Prostitution
- False Imprisonment
- Dealing in unlawful weapons or firearms
- Drug dealing
- Child Pornography

The issue that raises these crimes to the level of racketeering is when they are accomplished – or attempted – in the context of an organized crime ring and larger scheme.

See.. **https://www.goldsteinhilley.com/white-collar-crimes/rico-racketeering/**

**Texas Racketeering Laws**

**In the Lone Star State, racketeering offenses are generally prosecuted under the offense of engaging in organized criminal**

activity established in Texas Penal Code §71.02. Under this statute, it is illegal for a person to commit or conspirer to commit certain crimes with the intent to establish, maintain, or participate in a combination or in the profits of a combination or as a member of a criminal street gang.

A combination is defined as being three or more persons who collaborate in carrying on criminal activities, although the participants may not know each other's identity, membership in the combination may change from time to time, and the participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations.

Participants may be charged with engaging in organized criminal activity if they committed or conspired to commit such crimes as, but not limited to the following:

- Murder;
- Capital murder;
- Arson;
- Aggravated robbery;
- Robbery;
- Burglary;
- Aggravated kidnapping;
- Kidnapping;
- Aggravated assault;
- Aggravated sexual assault;
- Sexual assault;
- Continuous abuse of young child or children;
- Solicitation of a minor;
- Forgery;
- Deadly conduct;
- Burglary of a motor vehicle; and
- Unauthorized use of a motor vehicle.

Any engaging in organized criminal activity offense is punished one category higher than the most serious offense that was committed, meaning that committing a third-degree felony will lead to second-degree felony penalties. If the most serious offense is a Class A misdemeanor, then the offense is classified as a state jail felony.

There were originally two charges of Racketerring, but they removed one because they admitted that they could not prove it but because they were feeling so much pressure from two of the victims (one being Mr. Anderson and the other was a retired employee of the Attorney General's office) they said they had to leave at least ONE charge. How can you charge someone with a crime and not be able to prove it? Much less that it does not fit the guidelines for that charge. This charge should be dismissed immediately.

## **CONCLUSION**

We pray that this Honorable Court will see that Mr. Hanson deserves a second chance at living his life. He is a reformed man, who takes responsibility for his actions, but feels that this 20-year sentence is a death sentence that he would have never agreed to if he had effective counsel that allowed him to mention the points above. Mr. Hanson prays this Honorable Court will reduce his sentence and defendant will agree to any mandatory supervision that the court deems necessary. He agrees to any and all stipulations that the court wishes to impose and home confinement requires searches and curfew checks that will be imposed on him. Defendant realizes that willful non-compliance or a violation of any of the set conditions may result in modification of the sentence or revocation by the court.

Respectfully submitted this 23rd day of September, 2023

Michael Hanson, JR
#1000153
Jess Dunn Correctional Center
601 S 124th St W
Taft, OK 74463

**PRIORITY MAIL**
FLAT RATE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE**

# PRIORITY® MAIL

- Date of delivery specified *
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available. *
- Order supplies online. *
- When used internationally, a customs declaration label may be required.

* Domestic only

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



PS00001000014    EP14F Oct 2018
OD: 12 1/2 x 9 1/2

US POSTAGE & FEES PAID
PRIORITY MAIL
ZONE 2 FLAT-RATE ENVELOPE
ComBestPrice
08/25/2023

## USPS PRIORITY MAIL ®

MICHAEL HANSON #1000153
Po Box 316
Taft OK 74463-0316    Hudson

SHIP TO:
District Court OK County Clerk
320 Robert S Kerr Ave
Oklahoma City OK 73102-3457

**USPS TRACKING #**



9405 5112 0620 3699 8646 02

* Domestic only.   * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.