## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL HANSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-102-SLP |
| ) | |
| KELLI DAVIS, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

Petitioner, a state prisoner appearing pro se, filed an Amended Petition [Doc. No. 10] under 28 U.S.C. § 2254, alleging a violation of his constitutional rights. Respondent Kelli Davis filed a Motion to Dismiss [Doc. No. 13] and Brief in Support [Doc. No. 14]. Petitioner did not respond to the Motion, and his time to do so has passed.

On June 28, 2024, United States Magistrate Judge Suzanne Mitchell entered a Report and Recommendation [Doc. No. 15] recommending the Court grant Respondent's Motion to Dismiss because (1) the Court lacks jurisdiction over certain claims as Petitioner is no longer in custody on those convictions, and (2) Petitioner failed to exhaust state-court remedies on his remaining counts.

Petitioner was advised that he could object to the R. & R. on or before July 19, 2024, and that failure to timely object could result in the waiver of his right to appellate review of the factual and legal issues raised. To date, no objection to the R. & R. has been filed nor has an extension of time in which to object been sought or granted. Upon review, the Court concurs with the analysis set forth in the R. & R.

IT IS THEREFORE ORDERED that the R. & R. [Doc. No. 15] is ADOPTED in its entirety, the Motion to Dismiss [Doc. No. 13] is GRANTED, and this matter is DISMISSED WITHOUT PREJUDICE. A separate Judgment of Dismissal shall be entered contemporaneously with this Order

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determination. The Court therefore denies a COA.

IT IS SO ORDERED this 19th day of August, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE